## LLOYD FRANKLIN DRIGGERS V. STATE.

No. 24970. December 13, 1950.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 28, 1951.

476

*Bert Ashby,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *Charles S. Potts,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for robbery with a sentence of seven years in the penitentiary.

Henry H. Murphy, a taxicab driver, testified that the appellant entered his cab on Sunday afternoon October 20th, 1949, and was driven by him from place to place in the city of Dallas for a period of about two hours; that after making several stops appellant assaulted him with a pistol and robbed him of about $14.50; that he then got out of the taxicab and ordered the witness to drive away while appellant made his escape. The identification of the accused by the witness was positive.

The only serious complaint that we find in the record, and the only one which need be discussed, is based on the failure of the court to grant appellant's motion for a continuance. The court qualified appellant's bill of exception which brought forward this complaint and then, when appellant excepted to the qualification, the court prepared his own bill. This brings the complaint to us.

From the bill it appears that the witness Mrs. E. E. White was present in court two days after the jury's verdict and gave evidence which was inconsistent with that of the witness Murphy and, if true, would sustain appellant's plea of an alibi. Her testimony was material and important in appellant's defense. If due diligence were used in securing the witness the motion for continuance should have been granted.

It was shown on the hearing that the witness was a local person; that she was known by defendant and by his father, and by other local people, for some months prior to the date of the alleged offense on November 20, 1949. She lived with her mother on South Ervay Street and was frequently seen by appellant and by his father. Within a few days after his arrest appellant met the witness and, in conversation, learned the extent of

her testimony which was given to him in a written memorandum. Thereafter, on February 21, 1950, he filed application for subpoena for her as a witness in this case. She was not located by the officers. The defendant excepted to the rulings of the court in refusing his continuance and asked for an attachment for the witness, together with instanter subpoena. The search for her continued until the trial ended.

In his bill the court says: "The docket sheet of the Court showed the case set January 4, 1950, 'passed for Defendant', set again January 16, 1950 'passed, in trial of a case.' Set again February 9, 1950, 'passed for Defendant and reset for February 27th, 1950,' all of said dates being in the same term of Court, to-wit the January, 1950 term."

It thus appears that appellant took no steps to have his subpoena for the witness until after the case against him had three times been set and re-set, twice passed at his request and once because the court was engaged in the trial of another case. His first effort to have a subpoena issued for the witness was six days before the case was set for trial. No reason is given why he could not have had the subpoena issued at a prior date and at a time when the witness was available. According to her testimony, on his motion for new trial, she had a falling-out with her mother and had secreted herself, presumably in the city of Dallas, for a few days—including the day of the trial. A subpoena issued within a reasonable time after the indictment or within a reasonable time prior to the trial could, it appears, have been served on her.

What constitutes diligence may be varied under the circumstances, but there are rules repeatedly announced by this court and generally accepted in all jurisdictions which will require due diligence on the part of the accused to have his witnesses present in court. The circumstances of this case do not require a lengthy discussion of such rules. Texas Jurisprudence, Volume 9, page 785 and succeeding pages will furnish a thorough discussion of the subject on all phases which may reasonably appear in the case now before us.

It appears to us that the process was not issued in time and that the delay in having the subpoena issued is unexplained. The court before whom the hearing was had has rather a wide discretion in such matters, and this court will not hold that he abused the same unless it definitely appears from the record that he has done so. The authorities sustain us in our conclusion.

478

See 9 Tex. Jur., p. 787-8, and the many annotations cited therein.

We have considered all of the bills in this case and do not deem the others need discussion.

The judgment of the trial court is affirmed.